party to realize on his judgment for his injuries from an insurance company that had issued a policy of insurance on the defendant in the tort action. When the plaintiff or plaintiffs in the tort action have been paid, and a release has been procured in advance of judgment, such as was done in these cases in Ashtabula County, there is no necessity whatever for invoking Section 9510-4. There can be no "successors in interest" after the claims have been satisfied. Furthermore, when the claims are satisfied in advance of judgment, then there has been no recovery of a final judgment against a defendant, and hence no right of action under Section 9510-4. In the case of Canen, a Minor, v. Kraft et al., 41 Ohio App. 120, 180 N.E. 277, the Court, at page 121, 180 N.E. at page 277, states the following principle: "Under the provisions of sections 9510-3 and 9510-4, General Code, no proceeding may be had against the insurance company by the injured person until the right of action for personal injury is reduced to judgment".

 After the Mutual Company had satisfied these claims, and, as it states, had become subrogated to the rights of the Transfer Company, it brought its action against Hummon in the Federal Court. I am not questioning the propriety of that action. No defense was made by Hummon at the time of trial. Judgment was entered against him and the Mutual Company had its right to seek to satisfy that judgment. However, it is not permitted to file a supplemental petition in the Hummon case in the Federal Court against the "Preferred" insurance company and thus subject this company to the restrictions and limitations imposed by Section 9510-4. Whether the plaintiff company has any rights independent and aside from the provisions of Section 9510-4 is not a matter for this Court to determine. Whether they should have proceeded against the "Preferred" insurance company in an action to determine which of the parties was primarily responsible for the accident is not a matter before this Court. They have attempted to proceed under the provisions of Section 9510-4, and I am of the opinion, for the reasons heretofore enumerated, that this section does not clothe the plaintiff company with authority to file its supplemental petition in this Court. Having arrived at this conclusion, it is unnecessary to pursue the question

raised by the failure of the Builders and Manufacturers Casualty Company to move for substitution as the party plaintiff between the dates of June 5, 1937 and October 5, 1937, when and after the Mutual Company had merged its assets into the Casualty Company and had surrendered its Charter. It will be noted that no move was made looking to substitution until October 17, 1938, long after term.

It is also unnecessary, in view of the conclusion arrived at, to pursue further the defenses raised as to whether the actions of Hummon voided his policy with the "Preferred", as to whether the "Preferred" had notice as required by the conditions of its policy, and as to whether Hummon, while working in the interest of the Transfer Company at the time of the collision, was an agent or employee of the Transfer Company, or whether he was an independent contractor.

The motion of the plaintiff company for judgment on the pleadings and the evidence is overruled. The motion of the defendant Preferred Automobile Insurance Company is sustained. The supplemental petition is dismissed. Exceptions saved to plaintiff.

**In re SIMS.**

District Court, N. D. West Virginia.
March 24, 1939.

934

William Bruce Hoff and Richard Moore, both of Parkersburg, W. Va., for Workman's Finance Corporation.

John J. Yankiss, of Parkersburg, W. Va., for bankrupt.

HARRY E. WATKINS, District Judge.

On May 26, 1938, Workman's Finance Corporation, a creditor of the bankrupt, filed verified objections to discharge on the ground that bankrupt had obtained credit from it by making a materially false financial statement. The special master to whom the objections were referred has reported that: (1) The required indemnity for costs has not been paid, and (2) that bankrupt had given the objecting creditor a new note or other evidence of indebtedness, and that objecting creditor desired its objections to discharge be withdrawn. The referee recommended that discharge be granted. No creditor has opposed confirmation of the master's report or otherwise objected to discharge. There being no assets to administer, and the case arising prior to the effective date of the Chandler Act, no trustee was appointed. The question before me is whether bankrupt's discharge should be granted now.

Except as otherwise expressly provided, the provisions of the Chandler Act govern proceedings so far as practicable in cases pending on September 22, 1938 (section 7), when it took effect. Ch. 14, § 6(b), 52 Stat. 940, 11 U.S.C.A. § 1 note. Express provision has been made in Section 14(d) of the Chandler Act, 11 U.S.C.A. § 32(d), to cover the exact factual situation now arising in this case. Upon request of the court it is the duty of the United States At-torney to "examine into the acts and conduct of the bankrupt and, if satisfied that probable grounds exist for the denial of the discharge and that public interest warrants, he shall oppose the discharge of such bankrupt in like manner as provided in the case of a trustee".

Although this case was pending when the Chandler Act became effective, it appears entirely practicable to here apply the provisions of Section 14(d) and request that the United States Attorney investigate the conduct of the bankrupt. The amendment was intended to cover such a situation.

It would seem that small loan companies such as the Workman's Finance Corporation would be vitally interested in the prosecution of objections to discharge in cases of this kind. If interest is lost as soon as their debts are satisfied, it is the duty of the court to protect the interest of all parties by requesting investigation of the acts of fraud described in the finance company's sworn specifications of objection to discharge. If the charges against bankrupt are false, he should be exonerated; if they are true, his discharge should be denied, in the interest of justice, irrespective of the fact that the creditor making the charges of fraud is no longer interested in prosecuting its objections.

An order may be entered requesting the United States Attorney to investigate the conduct of the bankrupt. Action on the petition for discharge will be withheld for a reasonable time to permit such investigation to be made.

ABRUZZINO v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN.

No. 15-C.

District Court, N. D. West Virginia.

March 22, 1939.

